UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/10/2020

UNITED STATES OF AMERICA,

v.

ESTEBAN AYALA,

               Defendant.

No. 17-cr-618 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On June 26, 2020, the Court received Defendant Esteban Ayala's *pro se* letter, dated June 11, 2020, requesting that the Court "'[m]odify' [Mr. Ayala's] sentencing in such a manner that would allow [him] to serve the remainder of [his] sentence on home confinement." Dkt. 304. at 2. Mr. Ayala's letter attached an April 7, 2020 request to BOP for "home confinement for the rest of [his] sentence pursuant to 18 U.S.C. § 3624(c)(2), section 12003(b) of the CARES Act, and Attorney General Barr's April 3, 2020 Memorandum for the Director of the Bureau of Prisons, 'Increasing Use of Home Confinement at Institutions Most Affected by Covid-19.'" Dkt. 304 at 6.

"[T]he authority the CARES Act and the Attorney General have given to the BOP to permit prisoners to finish the remainder of their sentence in home confinement" under 18 U.S.C. § 3624(c)(2) is "exclusively within the discretion of the BOP; the Court lacks authority to order" home confinement. *United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020). Accordingly, the Court construed Mr. Ayala's *pro se* letter as a motion for compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A), rather than a motion for home confinement pursuant to 18 U.S.C. § 3624(c)(2). Dkt. 304. The compassionate release statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

U.S.C. § 3582(c)(1)(A)(i). In other words, a court "may not" grant a defendant's motion for compassionate release unless the defendant has either "fully exhausted all administrative rights to appeal" or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility, although some courts have waived or excused the exhaustion requirement. *See, e.g.*, *United States v. El-Hanafi*, No. 10-CR-162 (KMW), 2020 WL 2538384 (S.D.N.Y. May 19, 2020); *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481 (S.D.N.Y. Apr. 20, 2020); *United States v. Russo*, No. 16-CR-441 (LJL), 2020 WL 1862294 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, No. 19-CR-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020); *United States v. Perez*, No. 17-CR-513-3 (AT), 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020).

On July 1, 2020, the Government filed a letter urging the Court to deny Mr. Ayala's motion because (1) he had failed to exhaust administrative remedies as mandated by 18 U.S.C. § 3582(c)(1)(A), and (2) even if he had exhausted administrative remedies, he failed to demonstrate that extraordinary and compelling reasons and/or the factors set forth under 18 U.S.C. § 3553(a) warrant his release. Dkt. 305. The Court directed the Government to

provide authority in support of its position that Mr. Ayala's April 7, 2020 request to BOP for home confinement does not satisfy the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). Dkt. 306. On July 8, the Government filed an additional letter arguing that the "distinct statutory regimes make it clear that a request for release to home confinement pursuant to 18 U.S.C. § 3624(c)(2), does not satisfy the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)." Dkt. 307.

No later than July 24, 2020, Mr. Ayala shall respond to the Government's July 1 and July 8, 2020 letters. In his response, he shall state whether he has specifically filed a request for compassionate release with BOP pursuant to 18 U.S.C. § 3582(c)(1)(A)—either prior to filing his June 11, 2020 letter to the Court or in the intervening period, and if so, the date on which he did so. He shall also state whether any "extraordinary and compelling reasons" warrant compassionate release, including whether he has any underlying medical conditions that place him at heightened risk of harm if he were to contract Covid-19. If so, he shall supplement the record by submitting documentation of such medical conditions. He may request to file such records under seal.

The Government shall promptly serve a copy of this Order on Defendant, and file an affidavit affirming such service on the docket.

SO ORDERED.

Dated:   July 10, 2020
         New York, New York

Ronnie Abrams
United States District Judge

3