UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/10/2020

UNITED STATES OF AMERICA,

v.

ESTEBAN AYALA,

                Defendant.

No. 17-cr-618 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On June 26, 2020, the Court received Defendant Esteban Ayala's *pro se* letter, dated June 11, 2020, requesting that the Court "'[m]odify' [his] sentencing in such a manner that would allow [him] to serve the remainder of [his] sentence on home confinement." Dkt. 304. at 2. Mr. Ayala's letter attached an April 7, 2020 request to BOP for "home confinement for the rest of [his] sentence pursuant to 18 U.S.C. § 3624(c)(2), section 12003(b) of the CARES Act, and Attorney General Barr's April 3, 2020 Memorandum for the Director of the Bureau of Prisons, 'Increasing Use of Home Confinement at Institutions Most Affected by Covid-19.'" Dkt. 304 at 6.

"[T]he authority the CARES Act and the Attorney General have given to the BOP to permit prisoners to finish the remainder of their sentence in home confinement" under 18 U.S.C. § 3624(c)(2) is "exclusively within the discretion of the BOP; the Court lacks authority to order" home confinement. *United States v. Ogarro*, No. 18-CR-373-9 (RJS), 2020 WL 1876300, at *6 (S.D.N.Y. Apr. 14, 2020). Accordingly, the Court construed Mr. Ayala's *pro se* letter as a motion for compassionate release pursuant to 18 U.S.C. §

3582(c)(1)(A), rather than a motion for home confinement pursuant to 18 U.S.C. § 3624(c)(2). Dkt. 304. The compassionate release statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

U.S.C. § 3582(c)(1)(A)(i). In other words, a court "may not" grant a defendant's motion for compassionate release unless the defendant has either "fully exhausted all administrative rights to appeal" or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility, although some courts have waived or excused the exhaustion requirement. *See, e.g.*, *United States v. El-Hanafi*, No. 10-CR-162 (KMW), 2020 WL 2538384 (S.D.N.Y. May 19, 2020); *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481 (S.D.N.Y. Apr. 20, 2020); *United States v. Russo*, No. 16-CR-441 (LJL), 2020 WL 1862294 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, No. 19-CR-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020); *United States v. Perez*, No. 17-CR-513-3 (AT), 2020 WL 1546422 (S.D.N.Y. Apr. 1, 2020).

On July 1, 2020, the Government filed a letter arguing that the Court should deny Mr. Ayala's motion because (1) he had failed to exhaust administrative remedies as mandated by 18 U.S.C. § 3582(c)(1)(A), and (2) even if he had exhausted administrative remedies, he failed to demonstrate that extraordinary and compelling reasons, or the factors set forth under 18 U.S.C. § 3553(a), warrant his release. Dkt. 305. The Court directed the

2

Government to provide authority in support of its position that Mr. Ayala's April 7, 2020 request to BOP for home confinement does not satisfy the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).  Dkt. 306.  On July 8, the Government filed an additional letter arguing that the "distinct statutory regimes make it clear that a request for release to home confinement pursuant to 18 U.S.C. § 3624(c)(2), does not satisfy the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)."  Dkt. 307; *see also United States v. Reese*, No. 12 CR 629 (VM), 2020 WL 2554381, at *2 (S.D.N.Y. May 20, 2020) ("Because requests for home confinement and compassionate release arise from 'ultimately different statutory schemes with different considerations underlying each,' the Court concludes it would be imprudent to treat the two requests interchangeably.") (quoting *United States v. Vigna*, No. 16 CR 786, 2020 WL 1900495, at *5 n.3. (Apr. 17, 2020)).

On July 10, 2020, the Court ordered Mr. Ayala to respond to the Government's July 1 and July 8, 2020 letters no later than July 24, 2020.  Dkt. 308.  The Court directed Mr. Ayala to state in his response whether he has specifically filed a request for compassionate release with BOP pursuant to 18 U.S.C. § 3582(c)(1)(A)—either prior to filing his June 11, 2020 letter to the Court or in the intervening period, and if so, the date on which he did so.  The Court further instructed Mr. Ayala to state whether any "extraordinary and compelling reasons" warrant compassionate release, including whether he has any underlying medical conditions that place him at heightened risk of harm if he were to contract Covid-19.  If so, the Court ordered Mr. Ayala to supplement the record by submitting documentation of such medical conditions, and provided that he may request to file such records under seal.

3

On August 3, 2020, the Court received the attached letter from Mr. Ayala, dated July 23, 2020. In it, Mr. Ayala described two additional requests for home confinement he submitted after his initial letter to the Court, dated June 11, 2020:

> I did in fact submit a BP-8 cop-out June 17, 2020 "requesting for home confinement" and was informed by Unit Team the BP-8 would fall under the Cares Act/Compassionate Release. I followed up with a BP-9 cop-out to Warden Ortiz June 17, 2020. On the BP-9, I wrote, "re-requesting for release to home confinement" which I construed to be the follow up to my BP-8 that fell under the Cares Act/Compassionate Release.

Mr. Ayala's letter attaches a "Notice to the Inmate Population" dated June 30, 2020, entitled "Compassionate Release/Reduction in Sentence Application Form." The Notice states:

> If you have already submitted a Compassionate Release request, you DO NOT need to file another request using this application unless notified. All previous requests received in another format (cop out, letter, etc.) by July 8, 2020 will be accepted.

The Notice thus suggests that at the time Mr. Ayala submitted his June 17, 2020 cop out form, Fort Dix was accepting some requests for compassionate release in informal "format[s]," including by way of cop out or letter.

No later than August 17, 2020, the Government shall file a letter stating its position as to whether Mr. Ayala has satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)—or, if not, whether the Government consents to waive administrative exhaustion—in light of Mr. Ayala's allegation that he was "informed by [his] Unit Team" that his June 17, 2020 BP-8 cop-out requesting home confinement "would fall under the Cares Act/Compassionate Release." To the extent that the Government disputes Mr. Ayala's satisfaction of the administrative exhaustion requirement under these circumstances and does not consent to waiver, it shall submit a declaration describing the process for requesting compassionate release at Fort Dix prior to the June 30, 2020 Notice.

4

The declaration must include a description of all unofficial "formats" for requesting compassionate release that were accepted prior to June 30, 2020, including cop out or letter. It shall further describe any instructions that were provided to Mr. Ayala or the inmate population at large regarding how to use a cop out form or letter to request compassionate release as opposed to home confinement.

Finally, as soon as practicable, Mr. Ayala shall write a letter to the Court in which he states **whether he has any underlying medical conditions that place him at heightened risk of harm if he were to contract Covid-19. If so, he shall supplement the record by submitting documentation of such medical conditions.**

The Government shall promptly provide a copy of this Order to Mr. Ayala and file proof of such service on the docket.

SO ORDERED.

Dated:   August 10, 2020
         New York, New York

Ronnie Abrams
United States District Judge