USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ESTEBAN AYALA,

              Defendant.

No. 17-cr-618 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On September 16, 2020, the Court received the attached letter from Mr. Ayala, dated August 26, 2020. The letter states, "At this moment in time, I am focused on preparing myself for my release to Bronx Halfway House on September 2, 2020. To invest time and energy going back and forth with word semantics is counter productive to me getting ready to be a productive citizen in the prosocial world." Mr. Ayala also requests "time credit for January 19, 2018-April 13, 2018, the time frame [he] was on [h]ome [c]onfinement."

    No later than September 23, 2020, the Government shall inform the Court whether Mr. Ayala has, indeed, been released to a residential reentry center. Assuming Mr. Ayala has been released to a residential reentry center, and in light of his indication that investing "time and energy going back and forth with word semantics is counter productive to [his] getting ready to be a productive citizen," the Court is inclined to consider his motion—which it construed as one for compassionate release—as moot. To the extent Mr. Ayala wants to continue to pursue this motion, he shall so advise the Court.

The Court hereby denies Mr. Ayala's request for time credit for the time he spent in home confinement, as "time spent in home confinement is generally not considered to be time in prison for which the defendant is afforded credit." *United States v. Masso*, 935 F. Supp. 2d 739, 740 (S.D.N.Y. 2013) (citing *United States v. Edwards*, 960 F.2d 278, 283 (2d Cir.1992), *rev'd on other grounds by United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992)); *see also United States v. Pjetri*, No. S4 08 CR. 65-02 CM, 2014 WL 6851280, at *1 (S.D.N.Y. Dec. 2, 2014) ("The time spent by defendant on home confinement with electronic monitoring as part of his bail conditions does not qualify as 'official detention,' and he is not entitled to credit toward his federal sentence for that time.").

The Government is respectfully directed to promptly serve a copy of this Order on Mr. Ayala and file proof of such service on the docket.

SO ORDERED.

Dated:   September 18, 2020
         New York, New York

_____
Ronnie Abrams
United States District Judge